UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE STACY DAGUNA,

    Plaintiff,

    v.

CAROLYN W. COLVIN,

    Defendant.

Case No. 14-cv-02453-VC

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING FOR FURTHER PROCEEDINGS**

Re: Doc. No. 15

    Jose Daguna sought disability benefits from the Social Security Administration for injuries that he contended prevented him from working in his job or in any other job. The administrative law judge (ALJ) found that Daguna was not disabled. Daguna sought review by the Appeals Council, which was denied. After the ALJ's decision but well before the Appeals Council's denial, Daguna was examined again by his treating physicians. Daguna submitted the records from these examinations, which concern the same physical and mental conditions that were in dispute at the hearing, to the Appeals Council as part of his appeal. A report from one physician stated in part: "On examination, the patient has significant restriction and range of motion. . . . In my opinion, this patient has significant restriction in his activities of daily living. He certainly cannot work in his own occupation as a production supervisor as he has to be on his feet all day long. He cannot work in any occupation at the present time . . . . In my opinion, this patient[,] given his cognitive deficit, depression, chronic pain, limitation in his activities, is not able to return to any meaningful or gainful employment either in his own occupation or in the open marketplace." Doc. No. 15, Ex. 3.

    When the Appeals Council denied review of Daguna's claim, it declined to consider this

new evidence, stating as follows: "This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before [the date of the ALJ's ruling]."

Daguna sued, and the parties have now cross-moved for summary judgment. Daguna contends that the Appeals Council committed legal error in failing to consider the new evidence. In her brief, the Commissioner barely responds to this contention. She states only: "This evidence is not in the administrative record and does not provide a proper basis for remand. . . . If a plaintiff wishes to rely on post-decision evidence, he may file a new application for benefits based on that new evidence." For this proposition, the Commissioner cites 42 U.S.C. § 405(g), which in part governs the consideration of new evidence, and *Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509 (9th Cir. 1987). She does not cite *Burton v. Heckler*, 724 F.2d 1415 (9th Cir. 1986).

*Sanchez* is not on point. The claimant in *Sanchez* alleged a physical disability, and after the ALJ's decision, he attempted to submit new evidence about a mental disability. The Ninth Circuit held that the new evidence was not relevant to the condition for which he sought disability benefits at the hearing before the ALJ, and therefore a remand for consideration of the new evidence under 42 U.S.C. § 405(g) was not appropriate. 812 F.2d at 511-512. The *Burton* case, on the other hand, is quite similar to this one. Burton's original claim was based on a mental condition, and he sought to submit new evidence of his mental condition developed after the ALJ's decision but before the decision of the Appeals Council. The evidence included the results of new psychological testing, and a report based on this testing which concluded: "Mr. Burton's former work as a janitor is now impossibly hard. He may be unable to perform even the most simple tasks satisfactorily." 724 F.2d at 1417. The Court held that this new evidence was material and satisfied the "good cause" requirement contained in 42 U.S.C. § 405(g). *Id*. at 1417-18.

It is difficult to avoid the conclusion, in light of *Burton* and in light of the present record in this case, that the Appeals Council committed legal error in failing to consider the new evidence Daguna submitted. It is also difficult to understand why the Commissioner didn't cite *Burton* in its brief. At the hearing on these cross-motions, counsel for the Commissioner attempted to explain

the omission by asserting that the *Burton* decision is old. But *Sanchez* is old too, and much less on point than *Burton*. Counsel also attempted to explain the omission by noting that Daguna is representing himself, and that *pro se* plaintiffs often include extra-record evidence that's not relevant. But even if this could ever be a legitimate excuse for failing to cite a case that's on point while relying on another case that's off point, Daguna's brief articulates his claim about the new evidence quite clearly, and quotes verbatim from his doctor's report, squarely teeing up the issue. Finally, counsel for the Commissioner requested an opportunity to submit supplemental briefing, asserting that there is newer authority which speaks to when the Commissioner must consider new evidence. But when the Court asked counsel to identify this newer authority, she was only able to point to the statute itself, namely, 42 U.S.C. § 405(g). That, of course, is the statute the *Burton* court applied when it ordered the case remanded to the Commissioner. And counsel for the Commissioner stated at the hearing that *Burton* is still good law.

The Commissioner has had the chance to respond to Daguna's argument that the Appeals Council committed legal error when it declined to consider the new evidence, and she has waived the opportunity to present further argument. There may well be reasons not to consider Daguna's new evidence. And perhaps there are reasons why the new evidence, if considered, should not change the ALJ's determination. But the record is not clear on this, and the Commissioner has not made an adequate presentation on the issue.

Accordingly, the case is remanded to the Commissioner to properly consider the matter in the first instance.

**IT IS SO ORDERED.**

Dated: April 16, 2015

_____
VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE STACY DAGUNA, <br>     Plaintiff, <br>     v. <br> CAROLYN W. COLVIN, <br>     Defendant. | Case No. 14-cv-02453-VC <br><br> **CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/16/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Stacy Daguna
3409 Figueroa Drive
San Leandro, CA 94578


Dated: 4/16/2015


                                Richard W. Wieking
                                Clerk, United States District Court


By:_____
Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA